UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JODIE SHAPIRO-SHAHAR,

Plaintiff,

v.

SICHENZIA ROSS FERENCE CARMEL LLP,

Defendant.
---------------------------------------------------------------X

Case No.: 26-cv-07551

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, SICHENZIA ROSS FERENCE CARMEL LLP ("Defendant"), by their counsel, Kaufman Dolowich LLP, as and for Defendant's Answer to the Complaint (the "Complaint") of JODIE SHAPIRO-SHAHAR (the "Plaintiff"), set forth the following:

**AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED "JURISDICTION AND VENUE"**

1. Defendant neither admits nor denies the allegations set forth in Paragraph "1" of the Complaint as they consist of legal conclusions to which no response is required.

2. Defendant neither admits nor denies the allegations set forth in Paragraph "2" of the Complaint as they consist of legal conclusions to which no response is required.

3. Defendant neither admits nor denies the allegations set forth in Paragraph "3" of the Complaint as they consist of legal conclusions to which no response is required.

**AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED "PARTIES"**

4. Defendant admits the allegations set forth in Paragraph "4" of the Complaint.

5. Defendant denies the allegations set forth in Paragraph "5" of the Complaint.

## AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED "FACTS"

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "6" of the Complaint.

7. Defendant denies the allegations set forth in Paragraph "7" of the Complaint.

8. Defendant admits the allegations set forth in Paragraph "8" of the Complaint.

9. Defendant denies the allegations set forth in Paragraph "9" of the Complaint.

10. Defendant denies the allegations set forth in Paragraph "10" of the Complaint.

11. Defendant denies the allegations set forth in Paragraph "11" of the Complaint.

12. Defendant denies the allegations set forth in Paragraph "12" of the Complaint.

13. Defendant denies the allegations set forth in Paragraph "13" of the Complaint.

14. Defendant denies the allegations set forth in Paragraph "14" of the Complaint.

15. Defendant denies the allegations set forth in Paragraph "15" of the Complaint.

16. Defendant denies the allegations set forth in Paragraph "16" of the Complaint.

17. Defendant denies the allegations set forth in Paragraph "17" of the Complaint.

18. Defendant denies the allegations set forth in Paragraph "18" of the Complaint.

19. Defendant denies the allegations set forth in Paragraph "19" of the Complaint.

20. Defendant denies the allegations set forth in Paragraph "20" of the Complaint.

21. Defendant denies the allegations set forth in Paragraph "21" of the Complaint.

22. Defendant denies the allegations set forth in Paragraph "22" of the Complaint.

23. Defendant denies the allegations set forth in Paragraph "23" of the Complaint.

24. Defendant denies the allegations set forth in Paragraph "24" of the Complaint.

25. Defendant denies the allegations set forth in Paragraph "25" of the Complaint.

26. Defendant denies the allegations set forth in Paragraph "26" of the Complaint.

27. Defendant denies the allegations set forth in Paragraph "27" of the Complaint.

28. Defendant denies the allegations set forth in Paragraph "28" of the Complaint.

29. Defendant denies the allegations set forth in Paragraph "29" of the Complaint.

**AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED "FIRST CLAIM FOR RELIEF**
**Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA") – Age Discrimination"**

30. Defendant repeats and realleges each and every answer contained in the preceding paragraphs of the Complaint.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "31" of the Complaint.

32. Defendant denies the allegations set forth in Paragraph "32" of the Complaint.

33. Defendant denies the allegations set forth in Paragraph "33" of the Complaint.

34. Defendant denies the allegations set forth in Paragraph "34" of the Complaint.

35. Defendant denies the allegations set forth in Paragraph "35" of the Complaint.

**AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED "SECOND CLAIM FOR RELIEF**
**New York State Human Rights Law ("NYSHRL") – N.Y. Exec. Law §§ 290 *et seq.* Age Discrimination"**

36. Defendant repeats and realleges each and every answer contained in the preceding paragraphs of the Complaint.

37. Defendant denies the allegations set forth in Paragraph "37" of the Complaint.

38. Defendant denies the allegations set forth in Paragraph "38" of the Complaint.

39. Defendant denies the allegations set forth in Paragraph "39" of the Complaint.

40. Defendant denies the allegations set forth in Paragraph "40" of the Complaint.

**AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED "PRAYER FOR RELIEF"**

41. Defendant neither admits nor denies the allegations set forth in paragraphs A-F of the "WHEREFORE" section of the Complaint as they do not set forth any factual allegations requiring a response by Defendant. To the extent a response is necessary, Defendant denies the allegations.

**AS AND FOR A RESPONSE TO THE SECTION OF THE COMPLAINT TITLED "DEMAND FOR A JURY TRIAL"**

42. Defendant neither admits nor denies the allegations set forth in the "DEMAND FOR JURY TRIAL" section of the Complaint as they consist of legal conclusions to which no response is required.

**STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENSES**

42. Defendant reserves the right to plead additional separate affirmative defenses that may be ascertained during the course of discovery in this action or otherwise. Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.

**AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE**

43. Some or all of the claims made in the Complaint fail to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has failed to allege facts sufficient to establish that Defendant subjected her to unlawful age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") or the New York State Human Rights Law ("NYSHRL").

**AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE**

44. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of

limitations. To the extent Plaintiff seeks relief based upon any alleged acts or omissions occurring outside the applicable statutory periods, such claims are time-barred.

**AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE**

45. Plaintiff's claims are barred, in whole or in part, to the extent she failed to exhaust any and all administrative remedies and/or satisfy any conditions precedent required under the ADEA or other applicable law, including the timely filing of an administrative charge with the Equal Employment Opportunity Commission ("EEOC") and compliance with the applicable statutory waiting period before commencing this action.

**AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE**

46. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and/or unclean hands, to the extent applicable.

**AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE**

47. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, judicial estoppel, equitable estoppel, collateral estoppel, and/or res judicata, to the extent applicable.

**AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE**

48. To the extent Plaintiff has received other benefits and/or awards attributable to an injury for which she seeks compensation in this action, such benefits and/or awards should offset, in whole or in part, any award she receives for the same injury, to the extent permitted by applicable law.

**AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE**

49. Plaintiff has not alleged and cannot prove facts which would entitle her to punitive damages. Punitive damages are not recoverable under the ADEA, and Plaintiff is not entitled to

punitive damages under the NYSHRL absent proof satisfying the applicable legal requirements for such an award.

**AS AND FOR DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE**

50. Plaintiff failed to make a good-faith and diligent effort to mitigate her purported damages and injuries, and therefore any relief awarded to Plaintiff should be reduced accordingly. To the extent Plaintiff failed to exercise reasonable diligence in seeking and obtaining comparable employment following the termination of her employment with Defendant, any award of back pay, front pay, or other economic damages must be reduced by the amount Plaintiff could have earned through reasonable mitigation efforts.

**AS AND FOR DEFENDANT'S NINTH AFFIRMATIVE DEFENSE**

51. Plaintiff's alleged injuries, damages, and losses, if any, were caused, in whole or in part, by circumstances, events, conditions, or conduct unrelated to any unlawful act or omission by Defendant. Accordingly, Defendant is not liable for any damages that were not caused by conduct attributable to Defendant in violation of applicable law.

**AS AND FOR DEFENDANT'S TENTH AFFIRMATIVE DEFENSE**

52. Defendant's actions were in good-faith conformity with and/or reliance upon applicable administrative regulations, orders, rulings, approvals, interpretations, or practices of the EEOC and/or other federal, state, and local agencies, to the extent permitted by applicable law.

**AS AND FOR DEFENDANT'S ELEVENTH AFFIRMATIVE DEFENSE**

53. All actions of Defendant with respect to Plaintiff were taken for legitimate, good-faith business reasons and without any discriminatory or improper motive whatsoever. The conduct complained of by Plaintiff was job-related and consistent with reasonable business necessity. Defendant's employment decisions, including the decision to terminate Plaintiff's

employment, were based upon legitimate, nondiscriminatory business considerations unrelated to Plaintiff's age.

**AS AND FOR DEFENDANT'S TWELFTH AFFIRMATIVE DEFENSE**

54. Plaintiff cannot establish that her age was the but-for cause of any adverse employment action taken against her, including the termination of her employment. Defendant denies that Plaintiff's age played any unlawful role in its employment decisions and maintains that its actions were undertaken for legitimate, nondiscriminatory reasons. Accordingly, Plaintiff cannot establish liability under the ADEA.

**AS AND FOR DEFENDANT'S THIRTEENTH AFFIRMATIVE DEFENSE**

55. Plaintiff cannot establish that Defendant subjected her to unlawful age discrimination under the NYSHRL. Defendant's employment decisions were based upon legitimate, nondiscriminatory considerations, and Plaintiff's age was not a motivating factor in the termination of her employment or any other challenged employment decision.

**AS AND FOR DEFENDANT'S FOURTEENTH AFFIRMATIVE DEFENSE**

56. To the extent Plaintiff challenges Defendant's assessment of her performance, conduct, compliance with workplace expectations, or ability to fulfill her employment responsibilities, Defendant maintains that its employment decisions were based upon legitimate, job-related considerations and not upon Plaintiff's age. Defendant further denies that any alleged difference in treatment between Plaintiff and other employees was attributable to unlawful age discrimination.

**AS AND FOR DEFENDANT'S FIFTEENTH AFFIRMATIVE DEFENSE**

57. Plaintiff complains of conduct that, to the extent not otherwise actionable under applicable law, comprises workplace disagreements, criticisms, petty slights, and/or trivial

inconveniences. Defendant denies that the alleged conduct, whether considered individually or collectively, constituted unlawful age discrimination under the ADEA or NYSHR.

**AS AND FOR DEFENDANT'S SIXTEENTH AFFIRMATIVE DEFENSE**

58. Plaintiff is not entitled to liquidated damages under the ADEA because Defendant did not willfully violate the ADEA. Defendant did not knowingly violate the ADEA or act with reckless disregard as to whether its conduct was prohibited by the statute. Accordingly, Plaintiff cannot establish the willfulness necessary to recover liquidated damages pursuant to 29 U.S.C. § 626(b).

**AS AND FOR DEFENDANT'S SEVENTEENTH AFFIRMATIVE DEFENSE**

59. Plaintiff's claims for compensatory damages arising from emotional distress, physical pain and suffering, embarrassment, humiliation, reputational harm, medical expenses, and other nonpecuniary injuries are not recoverable under the ADEA. Any recovery under the ADEA must be limited to those remedies expressly authorized by the statute.

**AS AND FOR DEFENDANT'S EIGHTEENTH AFFIRMATIVE DEFENSE**

60. Plaintiff's claims for back pay, front pay, lost benefits, and other economic damages are barred or limited, in whole or in part, to the extent such damages are speculative, excessive, duplicative, unsupported by competent evidence, or not causally related to any unlawful conduct attributable to Defendant. Any recovery must be limited to those damages actually sustained and recoverable under applicable law.

**AS AND FOR DEFENDANT'S NINETEENTH AFFIRMATIVE DEFENSE**

61. To the extent evidence obtained during discovery or otherwise establishes that Plaintiff engaged in misconduct during her employment that would have independently warranted the termination of her employment, Defendant asserts the after-acquired evidence doctrine.

Accordingly, Plaintiff's entitlement to reinstatement, front pay, back pay, and/or other relief is barred or limited to the extent permitted by applicable law.

**AS AND FOR DEFENDANT'S TWENTIETH AFFIRMATIVE DEFENSE**

62. Plaintiff is not entitled to reinstatement, front pay, or other equitable relief to the extent such relief is unavailable, impracticable, inappropriate, or otherwise unwarranted under the circumstances of this action.

**AS AND FOR DEFENDANT'S TWENTY-FIRST AFFIRMATIVE DEFENSE**

63. Plaintiff is not entitled to duplicative recovery for the same alleged injuries, losses, or damages under the ADEA and NYSHRL. To the extent Plaintiff seeks overlapping damages under multiple causes of action, any award must be reduced or otherwise limited to prevent double recovery.

**AS AND FOR DEFENDANT'S TWENTY-SECOND AFFIRMATIVE DEFENSE**

64. Plaintiff's claims for attorneys' fees, costs, expert fees, prejudgment interest, and post-judgment interest are barred or limited to the extent such relief is not authorized by applicable law or is otherwise unreasonable, excessive, or unsupported.

**AS AND FOR DEFENDANT'S TWENTY-THIRD AFFIRMATIVE DEFENSE**

65. Defendant reserves the right to seek leave to amend this Answer to assert additional separate and affirmative defenses that may be ascertained during the course of discovery in this action or otherwise, pursuant to Federal Rule of Civil Procedure 15 and any applicable scheduling order.

**AS AND FOR DEFENDANT'S TWENTY-FOURTH AFFIRMATIVE DEFENSE**

66. Defendant's actions with respect to Plaintiff, including the termination of her employment, were based upon legitimate, nondiscriminatory business reasons, including concerns

regarding Plaintiff's job performance, work product, professional conduct, and failure to satisfy Defendant's legitimate employment expectations. To the extent Plaintiff failed to adequately perform her assigned duties and responsibilities, such deficiencies constituted legitimate, nondiscriminatory grounds for Defendant's employment decisions, wholly unrelated to Plaintiff's age.

**AS AND FOR DEFENDANT'S TWENTY-FIFTH AFFIRMATIVE DEFENSE**

67. Plaintiff's use of personal email account to communicate Firm business, her breach of cybersecurity protocols, her circumvention of overseeing counsel in client matters, and other performance concerns each constitute a legitimate basis for Defendant's employment decisions, including the termination of Plaintiff's employment.

**AS AND FOR DEFENDANT'S TWENTY-SIXTH AFFIRMATIVE DEFENSE**

68. Plaintiff failed to make a good-faith and diligent effort to mitigate her purported damages and injuries, and therefore, any relief awarded to Plaintiff should be reduced. Specifically, to the extent Plaintiff has received or continues to receive compensation, fees, commissions, or other remuneration arising from her service as an executor, successor executor, trustee, successor trustee, or other fiduciary in connection with the administration of estates and trusts, such amounts should be considered in determining and reducing any award of back pay, front pay, or other economic damages, to the extent permitted by applicable law. Further, to the extent Plaintiff failed to exercise reasonable diligence in seeking and obtaining comparable employment or other income-producing opportunities following the termination of her employment, any award of economic damages should be reduced accordingly.

**AS AND FOR DEFENDANT'S TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

69. Defendant's employment decisions concerning Plaintiff, including the termination of her employment, would have been made regardless of Plaintiff's age. To the extent Plaintiff establishes that age was a motivating factor in any challenged employment decision under the NYSHRL, Defendant maintains that the same decision would have been made for legitimate, nondiscriminatory business reasons wholly unrelated to Plaintiff's age, thereby barring or limiting relief to the extent permitted by applicable law.

**AS AND FOR DEFENDANT'S TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

70. Defendant did not engage in discrimination with malice or reckless indifference to Plaintiff's rights under the NYSHRL. Defendant acted in good faith and maintained a reasonable belief that its employment decisions complied with applicable law. Accordingly, Plaintiff is not entitled to punitive damages under the NYSHRL.

**AS AND FOR DEFENDANT'S TWENTY-NINTH AFFIRMATIVE DEFENSE**

71. Plaintiff is not entitled to an award of front pay because any alleged future loss of earnings is speculative, uncertain, and not reasonably attributable to any unlawful conduct by Defendant. To the extent Plaintiff is capable of obtaining comparable employment or earning compensation through other employment, professional services, or fiduciary appointments, any award of front pay must be denied or reduced in accordance with applicable law.

**AS AND FOR DEFENDANT'S THIRTIETH AFFIRMATIVE DEFENSE**

72. Plaintiff is not entitled to prejudgment interest on any damages for which such interest is unavailable under applicable law, including any award of liquidated damages under the ADEA or punitive damages under the NYSHRL. Any award of prejudgment interest must be

limited to those categories of damages for which such relief is legally authorized and calculated in accordance with applicable law.

**AS AND FOR DEFENDANT'S THIRTY-FIRST AFFIRMATIVE DEFENSE**

73. Plaintiff's claims are barred or limited, in whole or in part, to the extent she cannot establish that she was treated less favorably than similarly situated employees outside her protected age group. To the extent Plaintiff relies upon alleged preferential treatment of younger employees, such employees were not similarly situated to Plaintiff in all material respects, including their job duties, responsibilities, qualifications, performance, conduct, and circumstances of employment. Accordingly, any alleged differences in treatment do not establish unlawful age discrimination under the ADEA or NYSHRL.

**AS AND FOR DEFENDANT'S THIRTY-SECOND AFFIRMATIVE DEFENSE**

74. Plaintiff's claims are barred or limited, in whole or in part, to the extent she cannot establish that Defendant's legitimate, nondiscriminatory reasons for its employment decisions were a pretext for unlawful age discrimination. Defendant's stated reasons for its employment decisions, including the termination of Plaintiff's employment, were genuine, legitimate, and unrelated to Plaintiff's age. Plaintiff cannot establish that such reasons were false or that age discrimination was the actual reason for any challenged employment decision.

**AS AND FOR DEFENDANT'S THIRTY-THIRD AFFIRMATIVE DEFENSE**

75. To the extent Plaintiff seeks damages arising from alleged discriminatory remarks, workplace disagreements, exclusion from meetings, or other conduct preceding the termination of her employment, Plaintiff cannot establish that such conduct independently gives rise to liability or recoverable damages under the ADEA or NYSHRL. Defendant denies that any such alleged

conduct constituted unlawful age discrimination or caused Plaintiff to sustain compensable injuries under applicable law.

**<u>AS AND FOR DEFENDANT'S THIRTY-FOURTH AFFIRMATIVE DEFENSE</u>**

76. Plaintiff's claim under the ADEA is barred to the extent Defendant did not qualify as an employer within the meaning of 29 U.S.C. § 630(b), including the statutory requirement concerning the number of individuals employed during the applicable period. Accordingly, to the extent Defendant did not satisfy the statutory definition of an employer, Plaintiff cannot maintain her ADEA claim against Defendant.

**WHEREFORE**, Defendant respectfully request that the Complaint be dismissed in its entirety, with prejudice; that Plaintiff take nothing by way of the Complaint; and that Defendant be awarded their costs, disbursements, and such other and further relief as the Court deems just and proper.

Dated: Woodbury, New York
November 6, 2026

**KAUFMAN DOLOWICH LLP**
*Attorneys for Defendant*



By:____________________________
Keith Gutstein, Esq.
Joseph Farneti, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
T: (516) 681-1100
F: (516) 681-1101
KGutstein@kaufmandolowich.com
joseph.farneti@kaufmandolowich.com

CC: All Counsel of Record (via ECF)

4912-1161-0549, v. 1